UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
MARJAN INTERNATIONAL CORP,         Index No. 23-CV-11223

           Plaintiff,

                                                 COMPLAINT

      v.

M.R. RUGS, INC., AND ZARI REZVAN,

           Defendants.

------------------------------------------------------------ X

       Plaintiff, Marjan International Corp. ("Marjan"), by its attorneys, Gilbride, Tusa, Last & Spellane LLC, as and for its complaint ("Complaint"), alleges as follows:

## PARTIES

1. Plaintiff, Marjan, is a New York corporation with its principal place of business located at 41 East 31st Street, New York, New York, and is engaged in the business of selling high quality rugs by direct sales and by sales conducted by consigning rugs.

2. Upon information and belief, Defendant M.R. Rugs, Inc. ("INC") is a Georgia corporation with its principal place of business located in 1413 Woodmont Lane, Atlanta, Georgia, and is engaged in the business of buying and selling oriental rugs.

3. Upon information and belief, Defendant Zari Rezvan ("Rezvan") is a citizen of the State of Georgia, residing in Atlanta, Georgia, and a principal and owner of Defendant INC.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the controversy pursuant to 28 U.S.C. § 1332(a) (1) in that the matter in controversy exceeded $75,000 exclusive of interest and costs and is between citizens of different states.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## THE MARJAN-LLC TRANSACTIONS

6. Marjan and INC entered into numerous consignment agreements during the period January 25, 2018 through January 18, 2023 ("Consignment Agreement") in New York pursuant to which INC received valuable rugs from Marjan.

7. Each Consignment Agreement provides in its first unnumbered paragraph : "The within rugs are forwarded to the Consignee and accepted by him (it) to be held and exhibited by the Consignee as the property of Marjan International Corp. . . .  Title to said rugs shall not pass to the consignee. . . ."

8. Each Consignment Agreement further provides in paragraph (1): "The Consignee agree that any sale made by the Consignee of these rugs shall be made for the account of Marjan International Corp. and that all sums received by the Consignee upon any such sale are to be received and held in a separate trust account for Marjan International Corp.   The Consignee is to pay Marjan International Corp. immediately upon the receipt thereof, from the amount collected, the amount at which said rugs are invoiced to the Consignee."

9. Each Consignment Agreement further provides in paragraph (2):  "The Consignee hereby guarantees and if a corporation, the principals of the corporation severally guarantee the payment to Marjan International Corp. of the invoice price of all rugs delivered herewith, which may be sold by said Consignee. , , ,  If services of an attorney or collector are employed to collect any portion of this account, there shall be assessed and paid a fee equal to 25% of the amount owed. . . "

10. Each Consignment Agreement further provides in paragraph (2):  "In the event of legal action against consignee or its principals, the venue of such suit shall be the City of New York, N.Y."

11. INC, acting through Rezvan, entered into each Consignment Agreement with Marjan in New York pursuant to which INC received rugs on consignment pursuant to the terms of the Consignment Agreement.

12. Rezvan signed each Consignment Agreement for INC and Rezvan personally guaranteed payment for all the consigned rugs.

13. As of August 28, 2023, INC retained 900 consigned rugs from Marjan having an agreed price of $1,004,934.

14. In response to numerous demands from Marjan for payment for the retained consigned rugs or the return of the unsold rugs, in October 2023, INC returned 327 of the consigned rugs having an agreed price of $336,928 to Marjan.

15. As a result of the return of the 327 consigned rugs, the amount INC owed to Marjan was decreased to $667,703 for the consigned rugs plus $303 in shipping charges, for a total obligation of $668,006.

16. On or before October 15, 2023, INC returned 303 rugs it had previously purchased from Marjan with an agreed price of $208,310 to Marjan for full credit.

17. As a result of Marjan giving INC full credit for those returned rugs, the amount owed by INC to Marjan was reduced to $459,696.

18. During this time period, INC also made various payments to Marjan totaling $168,955 which reduced the outstanding balance due to Marjan to $290,741.

19. As a result of the foregoing and despite repeated demands for either payment totaling $290,741 for the remaining 270 consigned rugs or their immediate return, INC continues to fail and refuse to pay for such rugs or to return them to Marjan.

### AS AND FOR A FIRST CLAIM FOR RELIEF

20. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 19 of this Complaint with the same force and effect as if set forth in full hereat.

21. INC breached the Consignment Agreements by failing either to return the 270 consigned rugs to Marjan or to make payment in full for such rugs.

22. As a result of INC's failure to pay for the rugs or to return them, INC breached the Consignment Agreements and is indebted to Marjan in an amount not less than $290,741 plus interest.

### AS AND FOR A SECOND CLAIM FOR RELIEF

23. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 22 of this Complaint with the same force and effect as if set forth in full hereat.

24. By retaining the rugs and failing to pay for them, INC has converted Marjan's property.

25. As a result of the foregoing, Marjan was damaged by INC in an amount not less than $290,741 plus interest.

### AS AND FOR A THIRD CLAIM FOR RELIEF

26. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 25 of this Complaint with the same force and effect as if set forth in full hereat.

27. As a result of having breached the Consignment Agreement and converted Marjan's property, INC has been unjustly enriched by the value of the rugs and Marjan has been damaged thereby.

28. As a result of the foregoing, Marjan was damaged in an amount not less than $290,741 plus interest.

### AS AND FOR A FOURTH CLAIM FOR RELIEF

29. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 28 of this Complaint with the same force and effect as if set forth in full hereat.

30. Pursuant to the terms of paragraph (2) of each Consignment Agreement, if Marjan employs the services of an attorney or a collector to collect any portion of the account, "there shall be assessed and paid a fee equal to 25% of the amount owed. . . ."

31. Because despite repeated demands for their return or payment for the remaining 270 consigned rugs, INC failed and refused to return the rugs or to pay Marjan the $290,741 invoice price for the rugs, Marjan was forced to bring this action.

32. Accordingly, INC is additionally obligated to Marjan on the 25% collection fee in the amount of $72,685.25.

## AS AND FOR A FIFTH CLAIM FOR RELIEF

33. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 32 of the Complaint with the same force and effect as if set forth in full hereat.

34. Under the terms of each Consignment Agreement, as a principal in INC and as a signatory on the Consignment Agreement, Rezvan personally guaranteed INC's payment for the consigned rugs.

35. As a result of INC's failure to either return or pay for 270 of the rugs, Rezvan is personally liable to Marjan in the amount of $290,741 plus interest.

## AS AND FOR A SIXTH CLAIM FOR RELIEF

36. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 35 of the Complaint with the same force and effect as if set forth in full hereat.

37. Under the terms of each Consignment Agreement, as a principal of INC and as a signatory on the Consignment Agreement, Rezvan personally guaranteed INC's obligation for the collection fee in the amount of $72,685.25.

38. As a result of INC's failure to either return or pay for the rugs, Rezvan is personally liable to Marjan for the collection fee in the amount of $72,685.25 plus interest.

WHEREFORE, Plaintiff demands judgment herein:

(a) on its first claim for relief against M.R. Rugs, Inc., in an amount not less than $290,741 together with interest thereon;

(b) on its second claim for relief against M.R. Rugs, Inc., in an amount not less than $290,741 together with interest thereon;

(c) on its third claim for relief against M.R. Rugs, Inc., in an amount not less than $290,741 together with interest thereon;

(d) on its fourth claim for relief against M.R. Rugs, Inc,, in an amount not less than $72,685.25 together with interest thereon;

(e) on its fifth claim for relief against Zari Rezvan, in an amount not less than $290,741 together with interest thereon; and

(f) on its sixth claim for relief against Zari Rezvan, in an amount not less than $72,685.25 together with interest thereon;

together with the costs of this action and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
December 27 2023

GILBRIDE, TUSA, LAST & SPELLANE LLC

By: _____
Bennett H. Last (BHL 7607)
Attorneys for Plaintiff
711 Third Avenue, 17th Floor
New York, New York 10017
(212) 692-9666